IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENNIS ZOBEL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NICHOLAS GONZALEZ, SARA | § | Civil Action No. <u>5:23-cv-650</u> |
| GONZALEZ, LIBERTY MUTUAL | § | |
| INSURANCE, SAFECO AKA SAFECO | § | |
| INSURANCE, | § | |
|     Defendants. | § | |

---

**DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Liberty Mutual Personal Insurance Company ("Liberty")[1] files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows as follows:

### *Procedural Background*

1.    On March 31, 2023, Plaintiff Dennis Zobel ("Plaintiff") filed his Original Petition in the 198th Judicial District Court of Bandera County under Cause No. CVOR-23-0000123, and captioned *Dennis Zobel v. Nicholas Gonzalez, Sara Gonzalez, Liberty Mutual Insurance, Safeco aka Safeco Insurance*.

2.    Liberty was served with citation on April 21, 2023, and filed its Original Answer, General Denial and Verified Denial on May 12, 2023. Defendant Safeco Insurance Company of Indiana[2] ("Safeco") was also served with citation on April 21, 2023, and Safeco filed its Original Answer, General Denial and Verified Denial on May 12, 2023. Safeco is in agreement with

---

[1] Improperly named as Liberty Mutual Insurance.
[2] Improperly named as Safeco aka Safeco Insurance.

removal of this case to Federal court.  The Bandera District Clerk's office reports that Defendants Gonzalez have appeared by answer.

### *Nature of the Suit*

3.     As it pertains to Liberty, this lawsuit concerns a first-party insurance dispute. Liberty issued a policy to Defendant Sara L. Gonzalez insuring the property located at 11639 Park Road 37, Pipe Creek, Texas 78063 (the "Property").  Plaintiff made an insurance claim to Liberty for damages to the Property due to a fire that occurred on the Property.  Plaintiff claims to be a third-party beneficiary pursuant to the terms of a contract of sale entered into by Plaintiff with Defendants Gonzalez for Defendants Gonzalez's purchase of the Property dated April, 2020 (the "Agreement").

### *Plaintiffs' Original Petition and Claims*

4.     Against Liberty, Plaintiff claims that Liberty and/or Safeco had a duty to cover the fire damages and losses to the Property and/or should declare Plaintiff has a right to make a claim and recover damages caused by the fire.

5.     Against Defendants Gonzalez, Plaintiff alleges that Defendants Gonzalez were in default of the Agreement and had abandoned the Property.  Plaintiff seeks a declaration of abandonment of the Property and that the Agreement entered into for purchase of the Property is dissolved and/or terminated.

6.     Plaintiff has sued all the defendants for the following:  breach of contract; specific performance; declaratory judgment to ascertain the rights of the Plaintiff with regard to the Liberty Mutual (or Safeco's) homeowners insurance; estoppel; third party beneficiary; and implied in fact contract.[3]  Plaintiff has further clarified his intent to claim insurance benefits based on the loss.[4]

---

[3] *See* Exhibit A, *Plaintiff's Original Petition*, at page 4.
[4] *See* Exhibit E.

### *Basis for Removal*

7.     Removal is proper because this is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Liberty pursuant to 28 U.S.C. § 1441(b), as the amount in controversy exceeds $75,000 exclusive of interest and costs, and complete diversity exists between Plaintiff and Liberty.  Additionally, while Safeco is diverse, it is not a proper party to the lawsuit, as it did not issue the policy made the basis of this lawsuit.  Defendants Gonzalez were mis-joined.[5]

### A.     The Amount in Controversy Exceeds $75,000.

8.     In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [...] penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

9.     Here, Plaintiff claims that the Property, which is insured through Liberty, was destroyed by fire (a total loss) and for which Liberty has refused to pay benefits due under the Policy to Plaintiff.[6]  Plaintiff seeks damages for Liberty's alleged failure to pay the total loss owed under the terms of the insurance contract.[7]  The Policy in effect on the reported date of loss was a LibertyGuard Deluxe Homeowner's Policy with coverage limits of $124,800 for the dwelling, $12,480 for other structures on the insured location, $74,880 for personal property and $24,960 for loss of use of insured location.[8]  Plaintiff also seeks attorney fees for bringing this suit.[9]

10.     Plaintiff has not plead in his Original Petition a monetary amount of relief sought."[10]  Additionally, Plaintiff has not presented a pre-litigation demand to Liberty in which Plaintiff asserted the amount of damages alleged to have been sustained as a result of this fire.  But

---

[5] *See* Exhibit A, *Plaintiff's Original Petition*, at pages 1-2.
[6] *See id*. at pages 2-3.
[7] *See id*. at pages 3-4; *cf.* Exhibit E.
[8] *See* Exhibits C and D.
[9] *See* Exhibit A, *Plaintiff's Original Petition*, at page 4.
[10] *See id*. at page 1.

Plaintiff has expressed that he is seeking benefits under the policy for the total loss. Given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00 required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

**B.     Complete diversity exists between Liberty and Plaintiffs.**

11.     Upon information and belief, Plaintiff was a citizen of Texas when he filed his state-court petition, and Plaintiff remains a citizen of Texas as of the time of removal.

12.     Defendant Liberty, at the time of filing and the time of removal, was and is a corporation organized under the laws of Illinois with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Defendant Liberty thus qualifies as a citizen of Illinois and Massachusetts.

13.     Though not a proper party to the lawsuit, Defendant Safeco, at the time of filing and the time of removal, was and is a corporation organized under the laws of Indiana with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Defendant Safeco thus qualifies as a citizen of Illinois and Massachusetts.

14.     As Plaintiff, at the time of filing and at the time of removal, has a Texas citizenship, and Liberty, at the time of filing and at the time of removal, has citizenship in Illinois and Massachusetts, complete diversity exists but for the inclusion of Defendants Gonzalez. The Court should, however, ignore Defendants Gonzalez for purposes of its jurisdictional analysis, and find that diversity jurisdiction exists, for the reasons set forth below.[11]

**C.     While non-diverse, Defendants Gonzalez were mis-joined.**

15.     Here, Plaintiff has brought an action against Liberty for, among other causes, breach of contract presumably due to Liberty's failure to pay Plaintiff policy benefits due under

---

[11] *See Citizen State Bank v. Leslie*, No. 6:18-CV-00237-ADA, 2019 WL 10351609 *3-6 (W.D.Tex. Jan. 11, 2019).

the terms of the Policy as he is a "loss payee or...a third party beneficiary."[12]   Plaintiff alleges that Liberty "had a duty to cover said fire damage and losses to the subject real property" and that Plaintiff has a right "to recover damages resulting from the fire and damage from Defendants Liberty Mutual and/or Safeco."[13]   Plaintiff has also brought an action against Defendants Gonzalez for breach of contract for presumably being in "default of the parties' agreement and written agreement" and for having "abandoned the subject real property."[14]   Plaintiff has filed suit against different entities for different and independent contracts and for separate and distinct conduct.

16.     The Western District recently addressed this issue in *Citizens State Bank v. Leslie*.[15] In that case, Plaintiffs combined different claims against its mortgagee and its insurer.[16] The Western District remanded the claims against the mortgagee and maintained jurisdiction of the claims against the insurer.[17]   The *Leslie* Court began its analysis first by noting that the Fifth Circuit has approved the doctrine of fraudulent misjoinder, as has the Western District of Texas.[18]   To determine if a party has been misjoined, the Court must determine first if Defendants Gonzalez has been misjoined under Texas Rule of Civil Procedure 40; then the Court must determine if that misjoinder is egregious.[19]

17.     The first requirement of TRCP 40 is governed by a logical relationship test—at least some of the facts must be related to both claims, in order to classify them as arising out of the same transaction.[20]   TRCP 40's second requirement is satisfied by the presence of a solitary

---

[12] *See*, Plaintiff's Original Petition, pages 2-3.
[13] *Id*. at page 3.
[14] *See id*.
[15] *See* fn. 11, *supra*.
[16] *See Leslie*, 2019 WL 10351609 at *1.
[17] *See id*. at *6.
[18] *See id.; citing Crockett v. R.J. Reynolds Tobacco Corp., 436 F.3d 529, 533 (5th Cir. 2006); In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); Cty. of Falls, Tex. v. Purdue Pharma LP, et al., Case No. 6:18-cv-47-RP-JCM, 2018 WL 1518849, at *4 n.3 (W.D. Tex. March 28, 2018).*
[19] *See Leslie*, 2019 WL 10351609 at *3.
[20] *See id*.

common question.[21] It is not enough for the claims to be *either* legally unrelated *or* factually unrelated *but not* both; rather, the language of the rule is disjunctive—the Court must be satisfied that the respective claims present neither a solitary common question of law nor a solitary common question of fact.[22]

18.     Here, this test is easily met.  Liberty did not enter into an agreement to purchase Plaintiff's property.  Likewise, Defendants Gonzalez did not enter into a contract with Plaintiff to pay insurance benefits to Plaintiff for any damages sustained at the Property.  Defendants Gonzalez were only required to acquire and maintain insurance covering the Property.  While both claims concern the insured premises allegedly damaged by fire, the facts of the case do not arise out of the same transaction, and do not concern a common legal question.  Plaintiff has satisfied *neither* prong under TRCP 40.

19.     Turning to the second factor, the Fifth Circuit has identified three broad categories of egregious misjoinder:  first, cases in which two or more lawsuits with little or no party overlap have been combined in the same action; second, cases in which multiple plaintiffs have sued a single defendant on independent grounds; and third, cases in which a single plaintiff or group of plaintiffs has joined multiple defendants in the same suit and is asserting against defendants legally and factually unrelated claims.[23]  Liberty submits that either the first or third category applies, and either is dispositive.

20.     Plaintiff has sued Defendants Gonzalez for breach of their contract (a contract to which Liberty is a stranger) and for specific performance under a theory that Defendants Gonzalez had a legal duty "to keep and maintain real property insurance of said real property, keep the real property in good condition, repair and pay all real estate taxes assessed" (a duty that does not apply

---

[21] *See id.*
[22] *See id.*
[23] *See id.*

to Liberty).  There are likewise no applicable legal theories for which Plaintiff has sued Liberty that apply to Defendants Gonzalez.  Moreover, the transactions are different.  The transaction for which Plaintiff seeks to hold Liberty liable is Liberty's undertaking to insure the premises according to the terms of the policy; the transaction for which Plaintiff seeks to hold Defendants Gonzalez liable is for purchase of real property.

21.     As noted in *Leslie*, courts have consistently held that the egregiousness element is satisfied when the plaintiff joins claims against an alleged wrongdoer with a claim for insurance coverage relating to the alleged injury.[24]  In sum, *Leslie* succinctly resolves the matter as follows:

> Citizens has attempted to join its claims arising from the Fraud Defendants' alleged malfeasance with its claims arising from its dispute with Travelers regarding insurance coverage under an insurance contract. These claims do not broach common questions of law or fact.[25]

*Leslie* is on point and dispositive.  Because Liberty (an insurer) has been egregiously mis-joined with the Gonzalez Defendants, Liberty respectfully requests that the Court sever the claims against Liberty and Safeco on the one hand and the Gonzalez Defendants on the other, remanding the Gonzalez Defendants to state court and maintain jurisdiction over Plaintiff's claims against Liberty and Safeco.[26]

### *The Removal is Procedurally Correct*

22.     Liberty was in receipt of the Original Petition on April 21, 2023.  Liberty removes this matter to federal court within the 30-day time period required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

23.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the county in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

---

[24] *See id*. at *5.
[25] *Id*.
[26] *See id.* at *6.

24.     Liberty is the only properly-joined defendant and it consents to this removal. Safeco is an improperly-joined defendant, but nonetheless consents to this removal. Defendants Gonzalez are improperly-joined defendants, and therefore, it is unnecessary to obtain their consent.[27]

25.     Liberty is not a Texas citizen, and therefore, the removal complies with 28 U.S.C. § 1441(b)(2) as it is not made by an in-state defendant. Likewise, Safeco is not a Texas citizen, and therefore, should the Court choose to consider Safeco's citizenship, the removal complies with 28 U.S.C. § 1441(b)(2) as Safeco is not an in-state defendant. Moreover, the Court would ignore the citizenship of Nicholas Gonalez and/or Sara Gonzalez for local-defendant purposes, as Plaintiff improperly joined them to this action.

26.     Pursuant to 28 U.S.C. § 1446(a), all pleading, process, orders and all other filings in the state court action are attached to this notice.

27.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this notice, written notice of the filing will be given to the Plaintiff, the adverse party.

28.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this notice is being simultaneously filed with the District Clerk of the Court of Bandera County, Texas, along with the United States District Clerk for the Western District of Texas.

WHEREFORE, Liberty requests that this action be removed from the 198th Judicial District Court of Bandera County, Texas, to the United States District Court for the Western District of Texas – San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

---

[27] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:     (210) 227-2200
Facsimile:      (210) 227-4602
dstephens@lsslaw.com
bnichols@lsslaw.com

By:     _____
        David R. Stephens
        State Bar No. 19146100
        *Attorney-in-Charge*
        Benjamin C. Nichols
        State Bar No. 24032786

COUNSEL FOR DEFENDANTS LIBERTY
MUTUAL PERSONAL INSURANCE COMPANY
AND SAFECO INSURANCE COMPANY OF
INDIANA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this **19th** day of **May, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

Edward P. Cano
Attorney at Law
201 West Poplar Street
San Antonio, Texas  78212
edcanoattorney@gmail.com

_____
David R. Stephens / Benjamin C. Nichols