**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DENNIS ZOBEL** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. SA-23-CV-00650-XR** |
| | ) | |
| **LIBERTY MUTUAL PERSONAL** | ) | |
| **INSURANCE COMPANY, SAFECO** | ) | |
| **INSURANCE COMPANY OF INDIANA,** | ) | |
| **NICHOLAS GONZALEZ, SARA** | ) | |
| **GONZALEZ,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE XAVIER RODRIGUEZ:

Now comes, Dennis Zobel, Plaintiff, through undersigned counsel who files this Motion for Remand for the reasons set forth in this Motion. Plaintiff requests that this Court remand this action to the 198th Judicial District Court, Bandera County, Texas.

1.      This case was originally filed in the Bandera County District Court on March 31, 2023 under case number CVOR-23-0000123, 198th Judicial District Court and styled: Dennis Zobel v. Nicholas Gonzalez, Sara Gonzalez, Liberty Mutual Insurance, and Safeco a/k/a Safeco Insurance. All the Defendants were sued together and at the same time. This case was removed by Liberty Mutual Insurance to this court on May 19, 2023.

2.      On April 24, 2023, Nicholas Gonzalez and wife, Sara Gonzalez, the individual Defendants and citizens of the State of Texas, were served with citation in the State court proceedings (Exhibit A). As of Friday, June 16.2023, according to the Bandera District Clerk's office, no answer has yet been filed by the two individual Defendants. Liberty Mutual has not obtained consent from the other Defendants to join in the removal. 28 U.S.C. 1446(b)(2)(A)

1

3.     As alleged in the Plaintiff's Petition, the individual Defendants agreed to purchase real property owned by the Plaintiff under written contract which required the individual Defendants to insure the subject real property for at least the purchase price amount for fire loss to the residence. The intention of the parties was to insure the loss of the collateral and make the Plaintiff or the interest of the Plaintiff a third party beneficiary.

Because the contract was a contract for deed and not a deed of trust transaction, legal title to the subject real property was retained by the Plaintiff until completion of the agreement by the individual Defendants.

4.     In compliance with the agreement, the individual Defendants obtained homeowners insurance which was issued on the subject real property by Defendant, Liberty Mutual Insurance and in effect at time of loss.  (Defendant, Liberty Mutual Insurance Exhibit C)

The residence was destroyed by a fire and claim was made by the Plaintiff, with photographic proof of the loss, on the homeowner's policy which Liberty Mutual ignored because, according to Liberty Mutual, no contact or claim was made on the homeowner's insurance policy by the Gonzalez, and closed its file. (Defendant, Liberty Mutual Insurance Exhibit E)

5.     The Plaintiff has further alleged that because the Plaintiff is an intended third party beneficiary of the insurance policy claim and proceeds thereof, or as a matter to be ascertained by Declaratory Judgment, that Plaintiff has enforceable interest in the homeowner's policy, claim, and it's proceeds and that the individual Defendants had a duty to cooperate, make such a claim, that they defaulted the agreement between the parties and abandoned the real property.

6.      This lawsuit does not involve a federal question.  28 U.S.C. § 1447 (c).

International Primate Prot. League v. Administrators of Tulane Educ. Fund, 400 U.S. 72, 89, 111

S.Ct. 1700, 1710 (1991).

7.      The Plaintiff properly joined local Defendants and the individual Defendants were

not joined solely to defeat diversity jurisdiction.  Cobb v. Delta Exports, Inc., 186 F.3d 675, 677,

(5th Cir. 1999).

8.      Defendants' joinder is not fraudulent.  Mayes v. Rapoport, 198 F.3d 457, 461 (4th

Cir. 1999) Defendant has not met it burden of proving that Plaintiff has no possibility of

recovering against the non-diverse defendant.

9.      The forum Defendant rule prevents removal to a federal district court based upon

diversity when there is a local in-state Defendant(s) in the lawsuit. 28 USC 1442(b)(2). In this

case, the joinder of the individual parties are necessary for disposition of the case as they would

be necessary parties to a matter involving an interest in land.  TEX. R. CIV. PRO. 112. Liberty

Mutual concedes that two individual Defendants are Texas citizens, or at least presumptively so,

due to their Texas residency, but is asking this court to ignore the citizenship of the individual

Defendants for purposes of determining diversity jurisdiction.

10.     Joinder of the individual Defendants was proper under the Texas Rules of Civil

Procedure and not egregious to rise to a level of fraudulent misjoinder.  The individual

Defendants are needed for just adjudication.  The Plaintiff has a right to performance of its

contracts by the individual Defendants and by Liberty Mutual. First Bank v. Brumitt, 519

S.W.3d 95, 102-103 (Tex. 2017) They are contracting parties which made the Plaintiff a third

party beneficiary as to homeowner insurance on the subject real property and individual

Defendants had the duty, or implicit duty, to make a claim thereon, which they did not, and

therefore, common issues of law and fact exist as to all the parties. In addition to breaching the contract by the individual Defendants, which has resulted in Liberty Mutual ignoring the Plaintiff's claim on the  homeowner's insurance policy, the individual Defendants failed or refused to cooperate and with the claim process which is a contributing reason why Liberty Mutual has failed and refused to acknowledge the claim or service the claim.

11.     The Defendant bears the burden of proof as to improper joinder, and the burden is a "heavy one." In Re Benjamin Moore & Co., 318 F.2d 626, 630-631 (5th Cir. 2002) In this connection, the court is required to resolve all factual disputes and ambiguities in the Plaintiff's favor. Travis v. Irby,  326 F.3d 644, 649 (5th Cir.2003); Centaurus Ashley, LP v. Lexington Ins. Co., 791 F. Supp. 2d 559, 566 (S.D. Tex. 2011).

12.     There is no complete diversity in this case which would authorize the Defendant, Liberty Mutual to remove this case to federal court. The Defendant, Liberty Mutual is attempting to circumvent to complete diversity requirements of the removal statute. In re Levy, 52 F.4[th] 244, 246-247 (5th Cir. 2022)

WHEREFORE, Plaintiff respectfully requests that the Court deny the Removal and Remand this case to the court from where it came.

Respectfully Submitted,

/s/ Edward P. Cano
Edward P. Cano
State Bar Number:  03756700
201 W. Poplar St.
San Antonio, Texas 78212
Telephone:  (210) 223-1099
Fax:  (210) 212-5653
edcanoattorney@gmail.com
Attorney for the Plaintiff

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023 I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the following:

dstephens@lsslaw.com
David R. Stephens
bnichols@lsslaw.com
Benjamin C. Nichols
LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200


/s/ *Edward P. Cano*
Edward P. Cano

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DENNIS ZOBEL** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. SA-23-CV-00650-XR** |
| | ) | |
| **LIBERTY MUTUAL PERSONAL** | ) | |
| **INSURANCE COMPANY, SAFECO** | ) | |
| **INSURANCE COMPANY OF INDIANA,** | ) | |
| **NICHOLAS GONZALEZ, SARA** | ) | |
| **GONZALEZ,** | ) | |
| **Defendants.** | ) | |

## INDEX OF MATTERS BEING FILED

Motion to Remand of Plaintiff, Dennis Zobel

      Exhibit A:    Officer's Return of Citation served on Defendants, Nicholas Gonzalez and Sara Gonzalez

# EXHIBIT  A

ORIGINAL
RETURN TO COURT

| CITATION - personal service - TRC 99 |

THE STATE OF TEXAS:                              |   Cause No. **CVOR–23-0000123**

**DENNIS ZOBEL**                                 |   IN THE 198TH DISTRICT COURT

VS                                               |   OF

**NICHOLAS GONZALEZ, SARA GONZALES,**
**LIBERTY MUTUTAL INSURANCE, SAFECO AKA**
**SAFECO INSURANCE**                             |   BANDERA COUNTY, TEXAS

TO: **SARA GONZALEZ – 420 W. JEFFERSON, PORT ISABEL, TEXAS 78578**
    Defendant- GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 198th District Court of Bandera County, at the Justice Center located at 3360 State Hwy 173 North in said County in Bandera, Texas. Said **Plaintiff's Original Petition** was filed in said court on the **03/31/2023** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** which accompanies this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Bandera, Texas this day of April 18, 2023.

Attorney for Plaintiff or Plaintiff:              Clerk of the Court:
EDWARD P CANO                                     Tammy Kneuper, District Clerk
201 W POPLAR ST                                   198th Judicial District Court
                                                  3360 State Hwy 173 N., Suite 100
SAN ANTONIO, TX 78212                             P O Box 2688
210 / 223-1099                                    (830) 796-4606
                                                  Bandera County, Texas 78003
                                                  By _____ Deputy

OFFICER'S RETURN

Came to hand on the 24 day of April 2023, at 3:24 o'clock P M and executed the 24 day of April 2023 by delivering to defendant ~~Nicholas Gonzalez~~ Sara in person, a true copy of this citation with a copy of the petition attached thereto on 24 day of April 2023 at 5:35 o'clock P M at 807 W Garcia Port Isabel in Cameron County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____

Electronically Filed
5/2/2023 5:46 PM
Tammy Kneuper, District Clerk
Bandera County, Texas
/s/ Alma G. Baker

[ ] Information received as to the whereabouts of defendant
being _____
Fees:  $_____    *Norman Esquivel*        _____ Sheriff / Constable / District Clerk
                                             _____ County, Texas
                                        By _____ #915 Deputy

ORIGINAL
RETURN TO COURT

Form CITPSDC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 75248434
Filing Code Description: No Fee Documents
Filing Description: Officer's Return-Sara Gonzalez
Status as of 5/3/2023 8:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Edward Cano | | edcanoattorney@gmail.com | 5/2/2023 5:46:46 PM | SENT |

ORIGINAL
RETURN TO COURT

| CITATION - personal service - TRC 99 |

THE STATE OF TEXAS:                           | Cause No. **CVOR-23-0000123**

**DENNIS ZOBEL**                              | IN THE 198TH DISTRICT COURT

VS                                            | OF

**NICHOLAS GONZALEZ, SARA GONZALES,**
**LIBERTY MUTUTAL INSURANCE, SAFECO AKA**
**SAFECO INSURANCE**                          | BANDERA COUNTY, TEXAS

TO: **NICHOLAS GONZALEZ – 420 W. JEFFERSON, PORT ISABEL, TEXAS 78578**
     Defendant- GREETING

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 198th District Court of Bandera County, at the Justice Center located at 3360 State Hwy 173 North  in said County in Bandera, Texas. Said **Plaintiff's Original Petition** was filed in said court on the **03/31/2023** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** which accompanies this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Bandera, Texas this day of April 18, 2023.

Attorney for Plaintiff or Plaintiff:          Clerk of the Court:
EDWARD P CANO                                 Tammy Kneuper, District Clerk
201 W POPLAR ST                               198th Judicial District Court
                                              3360 State Hwy 173 N., Suite 100
SAN ANTONIO, TX 78212                          P O Box 2688
210 / 223-1099                                (830) 796-4606
                                              Bandera County, Texas 78003
                                              By _____ Deputy

OFFICER'S RETURN

Came to hand on the 24 day of April 20 23 at 3:24 o'clock P M and executed the ___ day of _____ 20___ by delivering to defendant _Nicholas Gonzales_ in person, a true copy of this citation with a copy of the petition attached thereto on 24 day of April 20 23 at 3:26 o'clock PM at 807 W Garcia Apt Isab in Cameron County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Fees: $_____ _Norman Esquivel_                          ) Sheriff / Constable / District Clerk
                                              _____ County, Texas
                                              By _____ #915 Deputy

Electronically Filed
5/2/2023 5:46 PM
Tammy Kneuper, District Clerk
Bandera County, Texas
/s/ Alma G. Baker

ORIGINAL
RETURN TO COURT
Form CITPSDC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 75248434
Filing Code Description: No Fee Documents
Filing Description: Officer's Return-Sara Gonzalez
Status as of 5/3/2023 8:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Edward Cano | | edcanoattorney@gmail.com | 5/2/2023 5:46:46 PM | SENT |