IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENNIS ZOBEL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LIBERTY MUTUAL PERSONAL | § | Civil Action No. SA-23-CV—00650-XR |
| INSURANCE COMPANY, SAFECO | § | |
| INSURANCE COMPANY OF INDIANA, | § | |
| NICHOLS GONZALEZ, SARA | § | |
| GONZALEZ, | § | |
|     Defendants. | § | |

**DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Liberty Mutual Personal Insurance Company ("Liberty") files this Response to Plaintiff's Motion to Remand and respectfully shows as follows:

**I.    Summary**

Defendants Nicholas and Sara Gonzalez were improperly misjoined. Plaintiff does not contest that he and Liberty and Safeco are diverse and that the matter in controversy is above $75,000.00.[1] But for the addition of the Gonzalez Defendants, Plaintiff would not contest the Court's jurisdiction. However, Plaintiff has sued the Gonzalez Defendants on a Purchase Agreement to which he is a party, and he has sued Liberty and Safeco for policy benefits under a Liberty policy to which he is not a party.[2] The causes of action against and relief Plaintiff seeks from the Gonzalez Defendants are different and mutually exclusive from the causes of action against and the relief he is seeking from Liberty and Safeco. Consequently, the claims are properly

---

[1] *See* Document No. 8 ¶ 1.
[2] Plaintiff has agreed to amend his complaint to remove Safeco as a defendant. *See* Document No. 8 ¶ 4.

severable. Moreover, the misjoinder of the Gonzalez Defendants is egregious. Liberty is the Gonzalez Defendants' insurance carrier on the property that is the subject of this lawsuit. As both requirements for improper misjoinder have been met, Liberty respectfully requests the Court to deny in part Plaintiff's Motion for Remand, to remand the Gonzalez Defendants to state court, and to maintain its jurisdiction over Plaintiff's claims against Liberty and Safeco.

**II.     Argument**

As Liberty argued in its notice of removal, the Western District, following Fifth Circuit precedent, has implemented fraudulent misjoinder to determine if diversity jurisdiction is proper.[3] Liberty incorporates its argument from its notice of removal (Document No. 1) herein for all purposes. Liberty submits that the analysis in *Citizens State Bank v. Leslie* is controlling. For emphasis, Liberty would submit that Plaintiff cannot obtain any relief from the Court from Liberty for any of the claims for which he sues on the purchase agreement with the Mr. Gonzalez. Liberty is not a party to the purchase agreement between Plaintiff and Mr. Gonzalez. Likewise, Plaintiff cannot recover any insurance proceeds for a fire that destroyed the property at issue in this case from the Gonzalez Defendants—they did not insure the property. While Plaintiff may seek to recover that amount as a measure of damages as a consequence of the Gonzalez's breach of their purchase agreement with Plaintiff, it does not establish that Liberty owes Plaintiff that amount. Rather, to establish Liberty's liability for policy benefits, Plaintiff must establish he has a legal entitlement to those benefits as a third party beneficiary to the policy.[4] Failure to list a party as an additional assured may be breach of the purchase agreement (although it does not appear to be according to its express terms[5]), but such a failure does not confer third party beneficiary status

---

[3] *See* Document No. 1, at pp 4-7 *citing Citizens State Bank v. Leslie*, No. 6:18-CV-00237-ADA, 2019 WL 10351609 *3-6 (W.D.Tex. Jan. 11, 2019).

[4] Defendant did not move for 12(b)(6) dismissal, as the Court would have to look at the insurance policy to properly dispose of the matter.

[5] The purchase agreement, which Plaintiff attached to his original petition, attempts to allocate all the risk for property damage to Nicholas Gonzalez. It expresses an intent for Mr. Gonzalez to indemnify Plaintiff for any third party

under an insurance policy.[6] Plaintiff has provided no authority to the contrary.

Liberty would also emphasize that its status as the insurer of the Gonzalez Defendants on the property, the alleged loss for which Plaintiff is making a claim, makes the joinder of the Gonzalez Defendants egregious. In *Leslie*, Judge Albright noted that several district courts have held that the egregiousness element is satisfied when the plaintiff joins claims against an alleged wrongdoer with a claim for insurance coverage relating to the alleged injury.[7] Indeed, Liberty would be unduly prejudiced should it be forced to defend Plaintiff's claims to its potential detriment of any claims that may be made by the Gonzalez Defendants. Consequently, Liberty has established that the Court's jurisdiction is proper and that it should remand the Gonzalez Defendants to state court.

## III.  Prayer

For the foregoing reasons, Defendant, Liberty Mutual Personal Insurance Company respectfully requests that the Court deny Plaintiff's motion for remand as to Defendants, Liberty and Safeco, but remand the Gonzalez Defendants to state court. Defendant requests all other relief at law or in equity to which it is justly entitled.

---

liability, and requires Mr. Gonzalez to obtain insurance, for which Mr. Gonzalez will pay the premiums. It does not require Mr. Gonzalez to include Plaintiff as an additional insured or loss payee. The purchase agreement also contains a merger clause. *See* Document No. 1-2, pp 9-14.

[6] *See MCI Telecommunications Corp. v. Tex. Utilities Electric Co.*, 995 S.W.2d 647, 651 (Tex. 1999) (In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling. A court will not create a third-party beneficiary contract by implication. The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied. Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third party to benefit from the contract (interior citations omitted).).

[7] *Leslie*, 2019 WL 10351609 at *5 citing *See JYC Enter. Inc. v. Allied Prop. & Cas. Ins.*, 230 F. Supp. 3d 734, 736–37 (S.D. Tex. 2017); *Nsight Techs., LLC v. Fed. Ins. Co.*, 2009 WL 1106868, at *5 S.D. Miss. Apr. 23, 2009); *Deforneaux v. Metro. Prop. & Cas. Ins. Co.*, 2006 WL 2524165, at *1–2 (E.D. La. Aug. 30, 2006); *Madison Materials Co. v. St. Paul Fire & Marine Ins. Co.*, 2004 WL 7330498 *4 (S.D. Miss. Sept. 14, 2004); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003).

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com
bnichols@lsslaw.com

By: _____
    David R. Stephens
    State Bar No. 19146100
    Benjamin C. Nichols
    State Bar No. 24032786

COUNSEL FOR DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this **3rd** day of **July, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

    Edward P. Cano
    Attorney at Law
    201 West Poplar Street
    San Antonio, Texas 78212
    edcanoattorney@gmail.com

_____
David R. Stephens / Benjamin C. Nichols