UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DENNIS ZOBEL** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No. SA-23-CV-00650-XR |
| ) | |
| **LIBERTY MUTUAL PERSONAL** ) | |
| **INSURANCE COMPANY, SAFECO** ) | |
| **INSURANCE COMPANY OF INDIANA,** ) | |
| **NICHOLAS GONZALEZ, SARA** ) | |
| **GONZALEZ,** ) | |
| **Defendants.** ) | |

**PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND**

TO THE HONORABLE XAVIER RODRIGUEZ:

Now comes, Dennis Zobel, Plaintiff, through undersigned counsel who files this Supplemental Motion for Remand for the reasons set forth in this Motion. Plaintiff requests that this Court remand this action to the 198th Judicial District Court, Bandera County, Texas.

1. This case was originally filed in the Bandera County District Court on March 31, 2023 under case number CVOR-23-0000123, 198th Judicial District Court and styled: Dennis Zobel v. Nicholas Gonzalez, Sara Gonzalez, Liberty Mutual Insurance, and Safeco a/k/a Safeco Insurance.

2. In the state district court, individual Defendant, Nicholas Gonzalez was served with citation on April 24, 2023 and individual Defendant, Sara Gonzalez was served on April 23, 2023.

3. This case was removed by Liberty Mutual Insurance to this court on May 19, 2023.

4. Plaintiff filed his Motion to Remand on June 20, 2023.

1

5. Since the date of removal and the date that the Plaintiff filed his Motion to Remand, counsel for the Plaintiff contacted the Bandera County Clerk's office to ascertain if any answer had been filed by the two individual Texas citizen Defendants, Nicholas Gonzalez and Sara Gonzalez and was told that no answer had been filed.

6. On August 15, 2023, the court in this case held a status conference.

7. Prior to the status conference hearing, counsel for the Plaintiff asked his legal assistant Anna Hernandez to contact the Bandera County District Clerk's office to update whether any answers had been filed by individual Defendants, Nicholas Gonzalez and Sara Gonzalez in the state district court case number CVOR-23-0000123, 198th Judicial District Court and styled: Dennis Zobel v. Nicholas Gonzalez, Sara Gonzalez, Liberty Mutual Insurance, and Safeco a/k/a Safeco Insurance.

Ms. Anna Hernandez reported to counsel for the Plaintiff on August 15, 2023, prior to the status conference hearing, that the Bandera County Deputy District Clerk initially said that no "Answer" was filed but noticed "letters" and upon reviewing those letters the deputy clerk stated that the letters came from the individual Defendants and were file marked by the Bandera County District Clerk's office on May 18, 2023.

A true and correct copy of the email from the Bandera County Clerk's office dated August 15, 2025 attaching the May 18, 2023 filed stamped copies of the two letters from each individual Defendant are attached hereto as part of Ms. Anna Hernandez' Affidavit attached as Exhibit A.  Certified copies of the two letters have been ordered from the Bandera County Clerk's office but have been received yet by Plaintiff's counsel.

8. It appears that the two letters constitute pro se answers in the state district court proceeding which were filed prior to removal of this case.

9. Counsel for the Plaintiff was not served with the letters and according to counsel for Liberty Mutual; Mr. Benjamin Nichols was not served with the letters.

10. When a civil action is removed solely under section 1441(a), all defendants all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 USC § 1446(b)(2)(A)

11. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a)

12. The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Accident & Indem.Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007)

13. All defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. 28 U.S.C. § 1446(b)(2)(A). And "there must be some timely filed written indication from each served defendant…that it has actually consented to such action." *Getty Oil Corp. v. Ins. CO. of N. Am.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). The Section 1446(b)(2) requirement that all defendants join in removal is better known as the "unanimous consent" rule, *Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992)(internal quotation marks omitted).

14. There is no indication that the individual Defendants were noticed with removal action, nor have they consented to the removal after they filed their answer on May 18, 2023.

WHEREFORE, Plaintiff respectfully requests that the Court deny the Removal and Remand this case to the court from where it came.

Respectfully Submitted,

/s/ *Edward P. Cano*
Edward P. Cano
State Bar Number: 03756700
201 W. Poplar St.
San Antonio, Texas 78212
Telephone: (210) 223-1099
Fax: (210) 212-5653
edcanoattorney@gmail.com
Attorney for the Plaintiff, Dennis Zobel

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

dstephens@lsslaw.com
David R. Stephens
bnichols@lsslaw.com
Benjamin C. Nichols
LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200

/s/ *Edward P. Cano*
Edward P. Cano