UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIODIVISION

| | | |
|---|---|---|
| DENNIS ZOBEL, *Plaintiff* | § § § | |
| v. | § § | Case No. SA-23-CA-00650-XR |
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF INDIANA, NICHOLAS GONZALEZ, SARA GONZALEZ, *Defendant* | § § § § § § § | |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff's motion to remand (ECF No. 4) and Defendant Liberty Mutual Personal Insurance Company's response (ECF No. 11), as well as the arguments made by both parties at the status conference on August 15, 2023, and Plaintiff's supplemental briefing (ECF No. 15). After careful consideration, Plaintiff's motion to remand is **GRANTED**.

### BACKGROUND

This case arises out of fire damage to the real property located at 11639 Park Road 37, Pipe Creek, Texas. ECF No. 1-2 at 6. Plaintiff alleges that, on or about April 2020, he entered into a written contract with Defendant Nicholas Gonzalez, who is married to Defendant Sara Gonzalez (together, the "Individual Defendants"), to purchase the property. Plaintiff alleges that the Individual Defendants agreed that they would insure, at their expense, the property "to at least the amount of the purchase price against loss or damage by fire." *Id*. (internal quotation marks omitted). Plaintiff alleges that the Individual Defendants, or at least Sara Gonzalez, did indeed

1

acquire and maintain homeowner's insurance with Defendant Liberty Mutual Personal Insurance Company ("Liberty").[1] *Id*. at 7.

On or about April 12, 2021, April 16, 2021, and May 5, 2021, there was fire damage to the property. *Id*. Plaintiff alleges that, at the time of the fires, the Individual Defendants had been in default of the parties' agreement to acquire the property and had abandoned the property. *Id*.

Plaintiff further alleges that, following the fires, he made a claim on the Liberty homeowner's insurance policy for the property and that Defendants "Liberty . . . and/or Safeco declined to accept this claim on the basis that they had not heard from it's [sic] insured." *Id*.

Plaintiffs brings claims against Defendants for breach of contract, specific performance, and declaratory judgment to ascertain his rights with regard to the Liberty policy, as well as estoppel, third-party beneficiary, and implied-in-fact contract claims. *Id*.

On March 31, 2023, Plaintiff filed his original petition in the 198th Judicial District Court of Bandera County, asserting claims against Liberty, Safeco, Nicholas Gonzalez, and Sara Gonzalez. *See* ECF No. 1-2 at 5–8. Liberty was served with citation on April 21, 2023, and filed its original answer on May 12, 2023. Safeco was served with citation on April 21, 2023, and filed its answer on May 12, 2023. Both Individual Defendants were served with citation on April 24, 2023. *See* ECF No. 4 at 3.

On May 19, 2023, Liberty timely removed the case to this Court on the basis of diversity jurisdiction. Safeco consented to removal of the case to this Court. At the time of removal, the Bandera District Clerk's office reported that neither Individual Defendant had filed an answer. *See* ECF No. 1 at 2. Plaintiff's supplemental briefing, however, indicates that both Individual

---

[1] Defendant Liberty notes in its response that Defendant Safeco Insurance Company of Indiana ("Safeco") is not a proper party to the lawsuit and that Plaintiff has agreed to amend his complaint to remove Safeco as a defendant. *See* ECF No. 8 at 2 (Parties' Joint Rule 26(f) Report).

Defendants did in fact timely file *pro se* answers on May 18, 2023, prior to Liberty's removal. *See* ECF No. 15-1.

Liberty asserts that this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. ECF No. 1 at 3. Liberty is a corporation organized under the laws of Illinois with its principal place of business in Massachusetts. *Id*. at 4. Safeco is a corporation organized under the laws of Indiana with its principal place of business in Massachusetts. *Id*. Plaintiff is a citizen of Texas. *Id.* The notice of removal disregarded the citizenship of the Individual Defendants because Liberty asserted they were improperly joined and therefore that it did not need to obtain their consent prior to removal. *Id*. at 4–8.

Plaintiff now moves to remand this case to state court because the Individual Defendants' were properly joined and not joined solely to defeat diversity jurisdiction. ECF No. 4 at 3. Plaintiff's supplemental briefing indicates that both Individual Defendants did file *pro se* answers in the state district court on May 18, 2023 (prior to Liberty's removal to this Court on May 19, 2023). Plaintiff therefore also contends that all Defendants who were properly joined and served did not join in or consent to the removal of this case to this Court pursuant to 28 U.S.C. § 1446(b)(2)(A).

## DISCUSSION

### A.  28 U.S.C. § 1446(b)(2)(A)

Under 28 U.S.C. § 1446(b)(2)(A)'s unanimity requirement, "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. "This does not mean that each defendant must sign the original petition for removal," but the Fifth Circuit requires "some timely filed written indication from each served defendant . . . that it has actually consented to such action*.*" *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11

(5th Cir. 1988). Thus, if written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded. *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

Liberty removed the case by filing the Notice of Removal on May 19, 2023, and, at the time of removal, had only received consent from Safeco. Liberty failed to timely provide written consent to removal by the Individual Defendants, who had properly joined in the action and filed answers the day before removal.

Consent of an improperly joined party, however, is not necessary for removal to be procedurally proper. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that in cases alleging improper joinder, application of the requirement that all co-defendants must consent to removal "would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists"). "[I]f there is no need to obtain the consent of the improperly or fraudulently joined defendants, it follows that the defendant need not explain the absence of consent." *Id.* Liberty's removal is based on the allegation that the Individual Defendants are improperly joined as defendants in the case. Thus, at this stage, the Court does not find removal to be defective. The Court must therefore determine if the Individual Defendants are improperly joined to determine whether the case should be remanded to state court.

**B. Improper Joinder**

A defendant may remove an action to federal court where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor

of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

Liberty states that the Individual Defendants' citizenship should be disregarded for the purposes of determining diversity jurisdiction because they were improperly joined to defeat diversity jurisdiction. Liberty further contends that the causes of action against and relief Plaintiff seeks from the Individual Defendants are different and mutually exclusive from the causes of

action against and the relief he is seeking from Liberty and Safeco. ECF No. 11 at 1. Plaintiff argues that the Individual Defendants were not improperly joined, and because they are non-diverse from Plaintiff, this Court lacks jurisdiction and the case should be remanded to state court.

Among multiple claims in his Original Petition, Plaintiff brings a third-party beneficiary claim against Defendants.[2] Plaintiff also attached a copy of the Agreement he entered into with Individual Defendant Nicholas Gonzalez, which states, in relevant part:

> Purchaser assumes all hazards of damage to or destruction of any improvements not on the Property or placed on the Property after the date of this Agreement. Until full payment of the purchase price and delivery of the Warranty Deed . . . the remises are to be insured to at least the amount of the purchase price against loss or damage by fire, with extended coverage to include loss by windstorm, hail, explosion, riot, riot attending a strike, civil commotion, aircraft, vehicles and smoke, with Purchaser to pay the premiums for such insurance.

ECF No. 1-2 at 10. Parties at the status conference on August 15, 2023 agreed that the property was, in compliance with the Agreement, insured by a homeowner's policy obtained by the Individual Defendants at the time of the fires.

Liberty contends that "[f]ailure to list a party as an additional [insured] may be [a] breach of the purchase agreement (although it does not appear to be according to its express terms), but such a failure does not confer third party beneficiary status under an insurance policy." ECF No. 11 at 3. While Liberty's assessments of the Agreement in place between Plaintiff and Individual Defendants, and the ultimate ability of Plaintiff to recover, may both be correct, Liberty has not met its burden to show there is "no reasonable basis" under Texas law that Plaintiff may be able to recover against the Individual Defendants for breach of contract or against Liberty as a third-party beneficiary under the Policy. Indeed, resolving all factual disputes and ambiguities in

---

[2] Plaintiff asserts all his causes of action against "Defendants" without differentiation. ECF No. 1-2 at 8.

Plaintiff's favor, *see Travis*, 326 F.3d at 646–47, the Court finds that Plaintiff has stated a plausible basis for relief against the Individual Defendants—as discussed in the status conference on August 15, 2023, there likely appears to be a question of fact as to whether or not Plaintiff was a third-party beneficiary under the material provisions of the Liberty homeowner's insurance policy and based on the Agreement he entered into with Individual Defendants.

In sum, Liberty has not met its burden in proving that Plaintiff improperly joined the Individual Defendants to the lawsuit in order to destroy diversity. Plaintiff may be entitled to recovery against the Individual Defendants because he may be able to establish a cause of action against them in state court. Because the parties are not completely diverse, Liberty cannot rely on diversity jurisdiction.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for remand (ECF No. 4) is **GRANTED**.

The Clerk is **ORDERED** to **REMAND** this action back to Bandera County District Clerk's Office and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 23rd day of August, 2023.

                                                         XAVIER RODRIGUEZ
                                                         UNITED STATES DISTRICT JUDGE